## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| JONATHAN BRESSER, JR., | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. |
| | ) | |
| THE CHICAGO BEARS FOOTBALL CLUB, INC., | ) | **JURY TRIAL DEMANDED** |
| TANESHA WADE, individually, | ) | |
| CLIFF STEIN, individually, | ) | |
| MALLORIE SANDERS, individually, | ) | |
| ELIZABETH GEIST, individually, | ) | |
| KRISTIN ROGERS, individually, | ) | |
| REBECCA MEEK, individually, | ) | |
| ANA RODRIGUEZ, individually, | ) | |
| GHADA YOUSEF, individually, | ) | |
| GEORGE MCCASKEY, individually, | ) | |
| JOHN or JANE DOE, Unnamed Defendants, | ) | |
| Defendants. | ) | |

## COMPLAINT AT LAW

Now comes the Plaintiff, Jonathan Bresser, Jr. ("Bresser" or "Plaintiff") by and through

undersigned counsel, and complaining of the Defendants, The Chicago Bears Football Club, Inc.

("The Bears"), Tanesha Wade ("Wade"), Cliff Stein ("Stein"), Mallorie Sanders ("Sanders"),

Elizabeth Geist ("Geist"), Kristin Rogers ("Rogers"), Rebecca Meek ("Meek"), Ana Rodriguez

("Rodriguez"), Ghada Yousef ("Yousef"), George McCaskey ("McCaskey"), and Unnamed

Defendants ("Doe(s)") (collectively the "Individual Defendants") states as follows:

## NATURE OF THE ACTION

This is an action for declaratory and injunctive relief and for damages against the

Defendants to redress the deprivation of Plaintiff's rights secured by Title VII of the Civil Rights

Act of 1964, as amended (42 U.S.C. § 2000(e) *et seq.*) ("Title VII"), the Illinois Humans Rights

Act, as amended (775 ILCS 5/2-102 *et seq.*), Section 1 of the Civil Rights Act of 1866, as

amended (42 U.S.C. § 1981) ("Section 1981"), The Civil Rights Act of 1871, as amended (42 U.S.C. § 1985, 42 U.S.C. § 1986) and for state law causes of action.

## PARTIES

1. Plaintiff is an adult Caucasian male who resides within the territorial jurisdiction of the District Court.

2. The Chicago Bears Football Club, Inc. is an Illinois Corporation which maintains its principal place of business in Cook County, Illinois.

3. At all relevant times, The Bears employed more than fifteen (15) employees.

4. The Bears, at all times relevant to this Complaint, operated within the territorial jurisdiction of the District Court.

5. The Defendant, Tanesha Wade, is an adult African-American female who resides within the territorial jurisdiction of the District Court and is employed by the Bears as a Senior Vice President of Diversity, Equity, and Inclusion.

6. The Defendant, Cliff Stein, is an adult Caucasian male who resides within the territorial jurisdiction of the District Court and was employed by the Bears as a Senior Vice President and General Counsel at all times relevant to this Complaint. On information and belief, Stein left his employment with The Bears on or about January 12, 2024, subsequent to the denial of Plaintiff's application for employment.

7. The Defendant, Mallorie Sanders, is an adult African-American female who resides within the territorial jurisdiction of the District Court and is employed by the Bears as a Manager of Diversity, Equity, and Inclusion.

8.     The Defendant, Elizabeth Geist, is an adult Caucasian female who resides within the territorial jurisdiction of the District Court and is employed by the Bears as a Vice President of Human Resources.

9.     The Defendant, Kristin Rogers, is an adult Caucasian female who resides within the territorial jurisdiction of the District Court and is employed by the Bears as a Manager of Employee Experience in the Human Resources Department.

10.     The Defendant, Rebecca Meek, is an adult Asian-American female and resides within the territorial jurisdiction of the District Court and is employed by the Bears as a Human Resources Operations Coordinator.

11.     The Defendant, Ana Rodriguez, is an adult Hispanic female and resides within the territorial jurisdiction of the District Court and is employed by the Bears as a Talent Acquisition Coordinator.

12.     The Defendant, Ghada Yousef, is an adult Arab female and resides within the territorial jurisdiction of the District Court and is employed by the Bears as a member of the "Diversity, Equity, and Inclusion ("DEI") Council."

13.     The Defendant, George McCaskey, is an adult Caucasian male and resides within the territorial jurisdiction of the District Court and is employed by the Bears as Chairman. Upon information and belief, McCaskey is a member of the Bears' DEI Council.

14.     John or Jane Doe refers to a party or parties who have not yet been identified who operated as employees or agents of The Bears and engaged in the intentional race and/or sex discrimination of Plaintiff during the application review process and/or by employing intentional race and sex discrimination in crafting its hiring policies. John or Jane Does may be employed in

the following roles, without limitation: members of the DEI Council, Human Resources Department, Legal Department, and/or may be employees with authority over hiring decisions and/or were involved in the creation or implementation of discriminatory hiring practice(s), inclusive of, without limitation, the drafting, review, approval, and/or implementation of the discriminatory hiring practice(s) and/or engaged in the review and/or approval of particular applications for employment. John or Jane Does may further be individuals outside the organization such as, without limitation, job recruiters, diversity educators, and/or corporate policymakers by way of contract, volunteering, or other agreements which performed functions similar to those described above. Plaintiff will amend this complaint at such time these parties are identified.

## **JURISDICTION**

15.     Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331 and 1343, as the district courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. This court further has supplemental jurisdiction under 28 U.S.C. §1367(a) for state law causes of action.

16.     All jurisdictional prerequisites to a lawsuit have been met, to wit:

a.      On February 1, 2024, Bresser filed a charge of discrimination alleging discrimination based on race and sex which was perfected by the Illinois Department of Human Rights ("IDHR") and through a work sharing agreement between the Department and the Equal Employment Opportunity Commission ("EEOC") was cross-filed and perfected at both agencies;

b.      The charge was filed at the EEOC. *See Exhibit A.*

c.      The charge was perfected by the EEOC and thus was perfected at both the

IDHR and the EEOC. *See Exhibit A.*

d.      The charge pursuant to the work-sharing agreement between agencies was

filed within 300 days of the date of the last act of discrimination.

e.      The charge was assigned EEOC Charge No. 440-2024-03023;

f.      Bresser received a Right-to-Sue letter from the EEOC dated February 28,

2024. *See Exhibit B.*

g.      This lawsuit is being filed within 90 days of the date of receipt of the

Right-to-Sue letter. *See Exhibit B.*

## VENUE

17.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendant

is a corporation operating its principal place of business in this Court's jurisdictional district and

all events or omissions giving rise to Plaintiff's claims occurred here in this jurisdictional

district.

## FACTS

18.     "***Eliminating racial discrimination means eliminating all of it.*** And the Equal

Protection Clause, we have accordingly held, applies "without regard to any differences of race,

of color, or of nationality"—it is "universal in [its] application." *Students for Fair Admissions,*

*Inc. v. President and Fellows of Harvard College*, 143 S. Ct. 2141, 2161-62 (2023) (emphasis

added), *citing Yick Wo v. Hopkins,* 118 U.S. 356, 369.

19.     The Bears are a private corporation, are and were, at all times relevant, "employers" and/or "covered entities" within the meaning of Title VII of the Civil Rights Act of 1964.

20.     Plaintiff is a first-year law student ("1L") at DePaul University College of Law ("DePaul") in Chicago, Illinois and has been employed as a litigation paralegal for approximately two and a half years.

21.     On November 13, 2023, The Bears disseminated a job posting amongst Chicago law schools, including DePaul, seeking student applicants for a "Legal Diversity Fellow" position. *See Exhibit C.*

22.     That said job posting generated by the Bears sought particular qualifications for applicants, including, without limitation, that applicants are a "person of color and/or female law student." *See Exhibit C.*

23.     The Bears' job posting also required "a minimum cumulative GPA of 3.0 on a 4.0 scale" and further stated that "1Ls with pending grades shall supplement their application when final grades are posted." *See Exhibit C.*

24.     In addition to the foregoing, the Bears' job posting sought the following qualifications:

-     "Demonstrated ability to maintain confidentiality"

-     "Excellent research and writing skills"

-     "Proficient in Microsoft Office (Word (including legal formatting), Excel, PowerPoint), and Adobe Acrobat"

- "Demonstrated ability to effectively manage and prioritize multiple projects (ranging from the routine to the complex), deadlines and initiatives with minimal supervision." *See Exhibit C.*

25.     On November 13, 2023, Plaintiff received an e-mail to his university e-mail address containing the job posting and requesting applications to be submitted beginning November 15, 2023. *See Exhibit D.*

26.     On November 15, 2023, Plaintiff submitted his application for the Legal Diversity Fellow position offered by the Bears, inclusive of his resume and a cover letter. *See Exhibits E and F.*

27.     On November 15, 2023 at 12:40 am, Plaintiff received an e-mail to his personal e-mail address from Defendant acknowledging receipt of his application. *See Exhibit G.*

28.     That because Plaintiff is a first year law student who completed his first semester in the Autumn term of 2023, he did not have a transcript available to submit with his application and intended to supplement same upon receipt of final grades according to the directions provided in the Bears' job posting.

29.     On December 15, 2023, at approximately 8:45 am, Plaintiff received a notification on his LinkedIn Profile that his profile had been viewed by an employee of The Bears. *See Exhibit H.*

30.     That Plaintiff's LinkedIn profile contains a photograph of himself, which by its very nature displays his race, Caucasian, and his sex, male. *See Exhibit I.* Accordingly, The Bears had actual knowledge of Plaintiff's sex and race.

31.     That on January 5, 2024, at 9:46 am, Plaintiff received an e-mail from The Bears notifying him that his application had been denied and that The Bears "[had] chosen to pursue other applicants whose experience and qualifications more closely match [their] needs." *See Exhibit J.*

32.     That Plaintiff received notification that final grades had been released by DePaul via e-mail on January 5, 2024 at 4:10 pm, and was unable to supplement his application as a result of having already been rejected.

33.     That Plaintiff's cumulative grade point average exceeds the minimum qualifications requested in Defendant's job posting. *See Exhibit K.*

34.     That Plaintiff's present employment experience as a litigation paralegal involves the management of approximately 125 cases of varying types and complexity and at varying stages of litigation, inclusive of personal injury actions, civil rights and discrimination actions akin to the instant matter, complex civil litigation files such as defamation and privacy actions, and commercial litigation files, amongst others.

35.     That Plaintiff's professional experience in conjunction with the presentation of his application paperwork is demonstrative of his capabilities relative to the Bears' requested qualifications, inclusive of:

a.      Plaintiff is a 1L at DePaul (Qualification 1)

b.      Plaintiff maintains a grade point average exceeding The Bears' requirements (Qualification 3);

c.  Plaintiff maintains a demonstrated ability to maintain confidentiality given the oftentimes sensitive nature and subject matter of the claims he assists supervising attorneys in managing, as described above (Qualification 4);

d.  Plaintiff demonstrates competency in legal research and writing given the job functions of Plaintiff described in his resume and cover letter, which includes substantive motion practice and discovery work up to and including preparation for trial on matters which he is employed to assist. (Qualification 5) *See Exhibit E and F.*

e.  Plaintiff's work experience demonstrates proficiency in the technical requirements of legal work such as Office Suite and Adobe Acrobat as requested by Defendant (Qualification 6);

f.  Plaintiff has a demonstrated ability to effectively manage and prioritize multiple projects ranging from routine to complex given the volume and varying nature of the files which Plaintiff works on as aforementioned (Qualification 7). *See Exhibit E and F.*

36.  The only listed qualification in The Bears' job posting not plausibly met by Plaintiff is the requirement that an applicant be a "person of color and/or female law student," (Qualification 2).

37.  That upon information and belief, the applicant awarded the Legal Diversity Fellow role by the Bears was of a race other than Caucasian and/or a sex other than male.

38.  That The Bears' denial of Plaintiff's job application was pretextual and a result of a self-describing discriminatory hiring practice utilized by The Bears.

39.     That upon information and belief, the Individual Defendants, as agents of The Bears, engaged in intentional race and sex discrimination when creating and circulating a job posting which by its very nature excludes Caucasian men as viable applicants, and by extension said Defendants intentionally deprived Plaintiff of his rights to contract on the basis of his race.

40.     That upon information and belief, the Individual Defendants, as agents of The Bears, engaged in the review of Plaintiff's application for employment and exercised decision making over the status of the application, including whether The Bears would extend a contract to Plaintiff.

41.     That upon information and belief, the Individual Defendants, as agents of The Bears, engaged in intentional discrimination against Plaintiff by considering his race and/or sex during the application review process and failed to offer a contract to Plaintiff on the basis of his race. But for the Defendants intentional discrimination, Plaintiff would have had rights under a prospective employment contract with The Bears, and as a result of said discrimination has been deprived of same.

42.     That on March 1, 2024 ***nearly two months after rejecting Plaintiff's Application***, ***after*** receiving Notice of Plaintiff's Charge of Discrimination, and ***after*** receiving a copy of Plaintiff's Right to Sue Letter, the Defendants conspired to cover up the intentional discrimination against Plaintiff by sending an e-mail attempting to claw back the rejection of Plaintiff's application and requesting that he submit his transcript for his fall grades. *See Exhibit L.*

## COUNT I – TITLE VII INTENTIONAL RACE DISCRIMINATION (THE BEARS)

43.     Plaintiff incorporates and realleges each preceding paragraph as if specifically set forth herein.

44.     Plaintiff is a member of a protected class, Caucasian.

45.     42 U.S.C. § 2000(e)-2(a) makes it unlawful for an employer to fail or refuse to hire any individual or to otherwise discriminate against any individual on the basis of his or her race.

46.     Defendant violated 42 U.S.C. § 2000(e)-2(a) by treating Plaintiff differently than similarly-situated non-Caucasian applicants and engaged in unlawful employment practices by circulating a job posting which is discriminatory on its face and racially profiling applicants during the hiring process.

47.     As a result of the foregoing, Plaintiff has suffered damages.

## COUNT II – TITLE VII INTENTIONAL SEX DISCRIMINATION (THE BEARS)

48.     Plaintiff incorporates and realleges each preceding paragraph as if specifically set forth herein.

49.     Plaintiff is a member of a protected class, a male.

50.     42 U.S.C. § 2000(e)-2(a) makes it unlawful for an employer to fail or refuse to hire any individual or to otherwise discriminate against any individual on the basis of his or her sex.

51.     Defendant violated 42 U.S.C. § 2000(e)-2(a) by treating Plaintiff differently than similarly situated female applicants and engaged in unlawful employment practices by

11

circulating a job posting which is discriminatory on its face and profiling applicants on the basis of sex during the hiring process.

52.     As a result of the foregoing, Plaintiff has suffered damages.

## COUNT III – TITLE VII DISPARATE IMPACT RACE DISCRIMINATION
## (THE BEARS)

53.     Plaintiff realleges and reincorporates each preceding paragraph as if specifically set forth herein.

54.     Plaintiff is a member of a protected class, Caucasian.

55.     Title VII provides that an unlawful employment practice based on disparate impact is established when either an employee shows that an employment policy causes such a disparate impact and the employer fails to show "that the challenged practice is job related. . . and consistent with business necessity," or the employee shows there is an alternative way to serve the stated needs but the employer refuses it. 42 U.S.C. § 2000e-2(k)(1)(A).

56.     The Bears decision to seek out job applicants exclusively of races other than Plaintiff's is neither required for the job in question (a position in the company's legal department) nor consistent with business necessity. Moreover, The Bears refused the less-restrictive and feasible option of considering applicants without respect to the race of a particular applicant.

57.     The Bears' categorical requirement that all applicants be a "person of color and/or female law student" causes a disparate impact on Plaintiff (and any other similarly situated Caucasian individuals) by refusing him equal opportunity to employment.

12

58.     As a direct and proximate result of this unlawful action, Plaintiff has suffered damages.

## COUNT IV – TITLE VII DISPARATE IMPACT SEX DISCRIMINATION
## (THE BEARS)

59.     Plaintiff realleges and reincorporates each preceding paragraph as if specifically set forth herein.

60.     Plaintiff is a member of a protected class, a male.

61.     Title VII provides that an unlawful employment practice based on disparate impact is established when either an employee shows that an employment policy causes such a disparate impact and the employer fails to show "that the challenged practice is job related. . . and consistent with business necessity," or the employee shows there is an alternative way to serve the stated needs but the employer refuses it. 42 U.S.C. § 2000e-2(k)(1)(A).

62.     The Bears decision to seek out job applicants exclusively of sexes other than Plaintiff's is neither required for the job in question (a position in the company's legal department) nor consistent with business necessity. Moreover, The Bears refused the less-restrictive and feasible option of considering applicants without respect to the sex of a particular applicant.

63.     The Bears' categorical requirement that all applicants be a "person of color and/or female law student" causes a disparate impact on Plaintiff (and any other similarly situated male individuals) by refusing him equal opportunity to employment.

64.     As a direct and proximate result of this unlawful action, Plaintiff has suffered damages.

## COUNT V – SECTION 1981 RACE DISCRIMINATION (ALL DEFENDANTS)

65.     Plaintiff realleges and reincorporates each preceding paragraph as if specifically set forth herein.

66.     42 U.S.C. §1981 provides that all persons shall be entitled to the same rights to make and enforce contracts, and prohibits private actors from discriminating on the basis of race against those seeking to make and enforce contracts. *See, e.g., Domino's Pizza, Inc. v. McDonald,* 546 U.S. 470, 476 (2006) ("Section 1981 offers relief when racial discrimination blocks the creation of a contractual relationship, as well as when racial discrimination impairs an existing contractual relationship.").

67.     Plaintiff is a member of a protected class on the basis of race, a Caucasian.

68.     Defendants intentionally discriminated against Plaintiff as described above, including but not limited to considering his race while reviewing his application for employment and determining whether The Bears would extend a contract to Plaintiff on the basis of his race.

69.     Defendants' actions were taken with a willful and wanton disregard for Plaintiff's rights under 42 U.S.C. § 1981.

70.     As a direct and proximate cause of said unlawful intentional discrimination Plaintiff has suffered damages.

## COUNT VI – ILLINOIS HUMAN RIGHTS ACT RACE DISCRIMINATION
## (THE BEARS)

14

71.     Plaintiff realleges and reincorporates each preceding paragraph as if specifically set forth herein.

72.     Plaintiff is a member of a protected class, Caucasian.

73.     The Bears discriminated against Plaintiff as described above, including but not limited to considering his race during the application review process.

74.     The Bears' actions were taken with a willful and wanton disregard of Plaintiff's rights under the Illinois Human Rights Act.

75.     As a direct and proximate result of said unlawful employment practices and in disregard of Plaintiff's rights and sensibilities, Plaintiff has suffered humiliation, degradation, emotional distress, other consequential damages, and lost wages.

## COUNT VII – ILLINOIS HUMAN RIGHTS ACT SEX DISCRIMINATION
## (THE BEARS)

76.     Plaintiff realleges and reincorporates each preceding paragraph as if specifically set forth herein.

77.     Plaintiff is a member of a protected class, a male.

78.     The Bears discriminated against Plaintiff as described above, including but not limited to considering his sex during the application review process.

79.     The Bears' actions were taken with a willful and wanton disregard of Plaintiff's rights under the Illinois Human Rights Act.

80.     As a direct and proximate result of said unlawful employment practices and in disregard of Plaintiff's rights and sensibilities, Plaintiff has suffered humiliation, degradation, emotional distress, other consequential damages, and lost wages.

## COUNT VIII – CIVIL CONSPIRACY (ALL DEFENDANTS)

81.     Plaintiff reincorporates and realleges all preceding paragraphs as if specifically set forth herein.

82.     Defendants entered into agreements and organized groups, such as the Diversity Equity and Inclusion Council, among others, to engage in intentional race and sex discrimination when considering job applicants.

83.     Following receipt of Plaintiff's Charge of Discrimination and Notice of Right to Sue, Defendants entered into agreements and conspired to conceal their intentional race and sex discrimination by claiming to reopen Plaintiff's application two months after rejecting him and requesting his transcript.

84.     By participating in agreements and organized groups, Defendants planned, assisted, or encouraged the tortious acts described in the preceding causes of action.

85.     Defendants, through agreements and organized groups, engaged in a civil conspiracy and are responsible for damages caused to Plaintiff in an amount to be proven at trial.

## COUNT IX – SECTION 1985 CONSPIRACY TO DEPRIVE
## CONSTITUTIONAL RIGHTS (ALL DEFENDANTS)

86.     Plaintiff reincorporates and realleges all preceding paragraphs as if specifically set forth herein.

87. Defendants conspired together to deprive Plaintiff of his civil rights in violation of 42 U.S.C. § 1985(3).

88. The conspirators engaged in overt acts in furtherance of the conspiracy, namely the creation and approval of a facially discriminatory hiring practice and its implementation in denying Plaintiff's application on the basis of his race and sex.

89. The conspiracy targeted Caucasians and men, both of which are protected classes under 42 U.S.C. § 1985(3).

90. The conspiracy targeted and interfered with Plaintiff's rights to equal protection under the Fourteenth Amendment, and his right to make and enforce contracts under § 1981, because of Defendants' held animus towards Plaintiff's racial group and sex.

91. Defendants' actions were taken in their own self-interest and outside of the scope of their employment as a result of each Defendant's held animus towards Plaintiff's racial group and sex.

92. Defendants' conspiracy was part of a broader discriminatory pattern of implementing employment policies intentionally discriminatory against Plaintiff's protected classes and said policies permeated the ranks of the organization's employees, from the executive drafting and approval of the policies to the implementation by individuals in reviewing applications for employment. The conspiracy permeated amongst multiple levels of authority and throughout multiple distinct departments within the organization inclusive of, without limitation, the Diversity, Equity, and Inclusion Department, the Human Resources Department, the Legal Department, and others.

93.     As a result of Defendants' conspiracy, Plaintiff was injured and his constitutional rights were violated.

94.     Defendants acted with reckless disregard or callous indifference to the federally protected rights of Plaintiff and are therefore liable for punitive damages.

## COUNT X – SECTION 1986 FAILURE TO PREVENT CONSPIRACY TO DEPRIVE CONSTITUTIONAL RIGHTS (ALL DEFENDANTS)

95.     Plaintiff restates and realleges each preceding paragraph as if specifically set forth herein.

96.     Defendants violated 42 U.S.C. § 1986 by failing to meet their duty to prevent or aid in preventing conspiracies to deprive civil rights. Defendants knew that a Section 1985 violation was about to occur or was occurring, had the power to prevent or aid in preventing it, and neglected or refused to prevent or aid in preventing it.

97.     The Defendants failure to stop unlawful injury by a Section 1985(3) conspiracy when they know it is about to occur is quintessential to a Section 1986 violation.

98.     Defendants could or should have refused to comply with unlawful orders, refused to engage in intentional discrimination when reviewing applications for employment, or attempted to appeal to superiors to take an alternative course of action.

99.     As a result of Defendants' failures to prevent or aid in preventing the Section 1985 conspiracy, Plaintiff was injured and his rights were violated.

100.     Defendants acted with reckless disregard or callous indifference to the federally protected rights of Plaintiff and are therefore liable for punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

A.      Find that The Bears discriminated against Plaintiff, in violation of Title VII of the Civil Rights Act of 1964;

B.      Find that The Bears discriminated against Plaintiff, in violation of the Illinois Human Rights Act;

C.      Find that the Defendants intentionally discriminated against Plaintiff with malice or reckless indifference to Plaintiff's federally protected rights in violation of Section 1981 of the Civil Rights Act of 1866;

D.      Find that Defendants' actions alleged herein constituted a civil conspiracy to commit tortious acts;

E.      Hold Defendants jointly and severally liable for all damages arising from the intentional race and sex discrimination against Plaintiff in amounts yet to be determined;

F.      Find that Defendants engaged in a conspiracy to deprive Plaintiff of his constitutional rights under 42 U.S.C. § 1985(3);

G.      Find that Defendants, by failing to prevent a Section 1985 conspiracy from occurring, are liable for damages under 42 U.S.C. § 1986;

H.      Award compensatory and punitive damages to the maximum amount provided by law;

I.      Award attorney's fees, expert witness fees, and costs as provided by law;

J. Enjoin Defendant Chicago Bears Football Club, Inc. from engaging the unlawful employment practices described above;

K. Retain jurisdiction over this action to assure full compliance with the Order of this Court and applicable law; and

L. Grant such additional relief as this Court deems just and proper.

## PLAINTIFF DEMANDS A TRIAL BY JURY

Respectfully submitted,

JONATHAN BRESSER, JR.

By his attorneys:

/s/Marc P. Trent
One of Plaintiff's Attorneys

/s/ Daniel Nikolic
One of Plaintiff's Attorneys

**Marc P. Trent (ARDC #6324928)**
**Daniel Nikolic (ARDC #6205792)**
**TRENT LAW FIRM, P.C.**
2 TransAm Plaza Drive, Suite 300
Oakbrook Terrace, IL 60181
(630) 682-3100
*service@trentlawfirm.com*

EEOC RECEIVED: 02-01-2024



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

CHARGE OF DISCRIMINATION

For Official Use Only – Charge Number: **440-2024-03023**

EEOC Form 5A (Sept. 1, 2017)

| Personal Information | First Name: __Jonathan__ MI: _M_ Last Name: __Bresser, Jr.__ <br><br> Address: ███████████████ Apt.: ████ <br><br> City: ██████████ County: ██Cook██ State: _IL_ Zip Code: ████████ <br><br> Phone: ██████████ Home □ Work □ Cell **XX** Email Address: ████████████████ |
|---|---|
| **Who do you believe discriminated against you?** | Employer **XX** Union □ Employment Agency □ Other Organization □ <br><br> Organization Name: __The Chicago Bears Football Club, Inc.__ <br><br> Address: _____801 Adlai Stevenson Drive_____ Suite: _____ <br><br> City: __Springfield__ State: _IL_ Zip Code: _62703_ Phone: _(847) 295-6600_ |
| **Why you believe you were discriminated against?** | Age □ Color **XX** Disability □ Genetic Information □ National Origin □ Race **XX** Religion □ <br><br> Retaliation □ Sex **XX** |
| **What happened to you that you believe was discriminatory?** | Date of most recent job action you believe was discriminatory: ___01/05/2024___ <br> Describe briefly <u>each job action you believe was discriminatory</u> and when it happened (estimate). <br><br> I am a Caucasian Male. On November 13, 2023, I received Notice of a Job Opportunity at the Chicago Bears for a "Legal Diversity Fellow" position. The Job Application listed required qualifications as "person of color or female law student." <br><br> I submitted my application timely on November 15, 2023 and was required to supplement my application with my final transcript upon receipt of grades. My application was rejected on January 5, 2024 prior to the receipt of final grades, and prior to my ability to supplement same. My rejection letter notified me that the Bears intended "to pursue other applicants whose experience and qualifications more closely match our needs." <br><br> I believe that I was discriminated against in the application process on the basis of my race, Caucasian, and my sex, male, in violation of Title VII of the Civil Rights Act of 1964. <br><br> I believe that I was intentionally discriminated against on the basis of my race, Caucasian, in violation of Section 1981 of the Civil Rights Act of 1866. |

| Signature and Verification | I understand this charge will be filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address, phone, or email. I will cooperate fully with them in the processing of my charge in accordance with their procedures. |
|---|---|
| | I understand by signing below that I am filing a charge of employment discrimination with the EEOC. I understand that the EEOC is required by law to give a copy of the charge, which includes my name, to the organization named above. I also understand that the EEOC can only investigate charges of job discrimination based on Age, Color, Disability, Genetic information, National Origin, Religion, Sex, or based on retaliation for: filing a charge of employment discrimination; helping in someone else's complaint about job discrimination; or complaining to the employer about job discrimination. |
| | **I declare under penalty of perjury that the above is true and correct. Signature:** |
| | *Jonathan Bresser Jr*  _____  **Date:** 2/1/2024 |

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

**1. FORM NUMBER/TITLE/DATE.** EEOC Form 5A, Charge of Discrimination, Sept. 1, 2017. **2.**

**AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

**3. PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

**4. ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

**5. WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging party and respondent and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file

on the charge.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an employer to discriminate against present or former employees or job applicants, for an employment agency to discriminate against anyone, or for a union to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of rights under the Act.

Case: 1:24-cv-02034 Document #: 1 Filed: 03/11/24 Page 24 of 38 PageID #:24

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Chicago District Office
230 S Dearborn Street
Chicago, IL 60604
(800) 669-4000
Website: www.eeoc.gov



## DISMISSAL AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 02/28/2024

**To:** Jonathan M. Bresser Jr.

Charge No: 440-2024-03023

EEOC Representative and email:   ROSEMARIE OPIO
Investigation Support Assistant
rosemarie.opio@eeoc.gov

### DISMISSAL OF CHARGE

The EEOC has granted your request that the agency issue a Notice of Right to Sue, where it is unlikely that EEOC will be able to complete its investigation within 180 days from the date the charge was filed.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 440-2024-03023.

On behalf of the Commission,

Digitally Signed By: Amrith Kaur Aakre
02/28/2024
Amrith Kaur Aakre
District Director

**Cc:** The Chicago Bears Football Club, Inc.
**Please retain this notice for your records.**

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 440-2024-03023 to the

Enclosure with EEOC Notice of Closure and Rights (01/22)

District Director at Amrith Kaur Aakre, 230 S Dearborn Street , Chicago, IL 60604.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 440-2024-03023 to the District Director at Amrith Kaur Aakre, 230 S Dearborn Street , Chicago, IL 60604.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to
https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.



**JOB POSTING**

**Title:**        Legal Diversity Fellow
**Department:**   Legal
**Reports To:**   SVP & General Counsel

## Application Requirements

- Complete job application using **USING THIS LINK**.
- In your application, attach cover letter responding to the following prompt:
  - *After reading the job description, please explain how you are uniquely prepared and qualified for this position. Responses shall not exceed 500 words.*
- Meet additional criteria listed in Qualifications below.

## About the Role

The Legal Diversity Fellowship will provide a law student from one of the participating law schools (defined below) with practical experience working for The Chicago Bears Football Club, Inc. ("Club"). Among other tasks as assigned by the SVP & General Counsel, Fellow will assist the legal department with legal requests, conduct legal research, and assist in the review and drafting of Club policies and legal memoranda. Fellow will have exposure to a wide range of business operations legal matters on behalf of the organization, which may include sponsorship, vendor and facility agreements, data privacy, licensing, intellectual property, workers compensation, and litigation. Fellow will also have the opportunity to work with the Club's Diversity Equity & Inclusion (DEI) department on a variety of the Club's DEI goals, initiatives and priorities.

The duration of this Fellowship is approximately 12-14 weeks and will begin in May 2024. This is a full-time temporary position with competitive hourly pay. Fellow will work 40 hours per week, Monday through Friday, in Lake Forest, IL, with potential for one to two days remote.

## Who We Are

The Chicago Bears strive to advance our mission of winning championships by conducting ourselves with humility, integrity, and a strong work ethic. We want you to help us achieve our goals and to be part of one of most storied franchises in all of sport. We believe our greatest asset is our people, so we invest in our workforce. Fellow will have numerous professional development opportunities including access to LinkedIn Learning, internal trainings, and regular one-on-one and department meetings to discuss career growth and development.

## Our Commitment to Diversity, Equity & Inclusion

The Chicago Bears organization continues to deepen its commitment to establishing an inclusive, equitable work environment that reflects the diversity within our communities and fan base. We value, respect, and appreciate diversity at all levels, on and off the field, and are guided by a vision of success that includes integrating diversity, equity, and inclusion into our Club's DNA and culture.

## Responsibilities

- Under supervision of General Counsel, Associate Counsel and Paralegal, assist with reviewing, editing, and drafting contracts
- Assist with litigation issues, including legal research, preparation of letters, and litigation management
- Research industry developments and updates in state and federal law, and draft memoranda
- Assist with analysis of Legal Department request system (LRS) data and review LRS for potential improvements



- Assist with preparation for legal request/ contract review guidelines education presentation for individual departments
- Assist with preparation of department educational materials, including FAQs and best practices
- Assist with oversight and update of current legal policies (E.g., Trademark Enforcement, HIPAA, Document Retention, Vendor Management)
- Assist with DEI programs and initiatives, which may include but is not limited to partnership selection, vendor procurement & management, analyzing diversity metrics, and corporate governance of established employee resource groups (ERGs)

*This list of position functions is not all-inclusive and may be supplemented or modified.*

### Qualifications
- Meet current class standing of 1L or above at one of the following participating law schools:
  - Chicago-Kent College of Law
  - DePaul University – College of Law
  - Northwestern Pritzker School of Law
  - School of Law | Loyola University Chicago
  - University of Illinois College of Law
  - UIC Law School
  - University of Chicago Law School
- Person of color and/or female law student
- Have a minimum cumulative GPA of 3.0 on a 4.0 scale (1Ls with pending grades shall supplement their application when final grades are posted)
- Demonstrated ability to maintain confidentiality
- Excellent research and writing skills
- Proficient in Microsoft Office (Word (including legal formatting), Excel, PowerPoint), and Adobe Acrobat
- Demonstrated ability to effectively manage and prioritize multiple projects (ranging from the routine to the complex), deadlines and initiatives with minimal supervision

The Chicago Bears Football Club, Inc. is an Equal Opportunity Employer

 Gmail

Jonathan Bresser 

## Fw: [EXT] Chicago Bears 2024 Legal Diversity Fellowship | Application Period 11/15-12/15

1 message

**Bresser, Jonathan**
To:

Mon, Nov 13, 2023 at 12:06 PM

---

**From:** Katie Liss <notifications@law-depaul.12twenty.com>
**Sent:** Monday, November 13, 2023 10:50 AM
**To:** Bresser, Jonathan
**Subject:** [EXT] Chicago Bears 2024 Legal Diversity Fellowship | Application Period 11/15-12/15

Dear law students:

The Chicago Bears Football Club, Inc. is excited to announce its 2024 Legal Diversity Fellowship. If you are a diverse (as defined in the attached job description) 1L or 2L interested in learning more about business operations legal matters and diversity, equity, and inclusion practices within a professional sports club, this fellowship may be of interest to you. Please find attached the job description, which includes additional information about the fellowship as well as the link to apply.

**The application opens November 15, 2023, and will close on December 15, 2023.** We will review all applications and will follow-up with selected candidates to coordinate pre-recorded video interviews. We plan to make a final hiring decision by the end of January 2024.

Please reach out your Career Services Department if you have any questions about the fellowship, fellowship qualifications, or the hiring timeline.

Best of luck and Bear Down!

Sent on behalf of the Legal Department of the Chicago Bears

---

📄 **2024 Legal Diversity Fellowship.pdf**
128K

# Jonathan Bresser Jr.

███████████████████████████████████

## EDUCATION

**DePaul University College of Law,** Chicago, IL
*Juris Doctor Candidate*, May 2027

**Arizona State University,** Tempe, AZ
*Bachelor of Science: Political Science,* May 2022

## EXPERIENCE

**Trent Law Firm, P.C.,** Chicago, IL
*Litigation Paralegal*, August 2021 – Present
- Assisted attorneys with drafting of legal documents including motions, memoranda of law and complaints
- Managed a wide variety of personal injury matters in conjunction with complex litigation surrounding Title VII Constitutional Issues in cases such as *Soto v. Mayorkas; 21-CV-4631* in the United States District Court for the Northern District of Illinois
- Ensured compliance with procedural and local rules of various local state and federal court circuits.
- Obtained extensive knowledge in digital discovery techniques and methodologies.

**Illinois Green Party,** Remote
*Political Intern*, May 2021 – August 2021
- Collaborated with State Organizers on the 2022 Campaign Roadmap and Strategy
- Generated a vast array of digital content including ads, flyers, and social media posts
- Carried a diversified workload from community outreach to data analysis
- Demonstrated self-accountability through an entirely remote position

**Starbucks Coffee,** Oswego, IL
*Barista Trainer*, August 2018 – August 2021
- Created a warm and welcoming customer service experience in line with Starbucks' "Third Place" policies.
- Spearheaded the training program for new baristas in teaching fundamental job functions and exemplary craft quality for individual beverages.
- Maintained full-time student status in conjunction with full-time employment throughout.

**People for Jennifer Zordani,** Elmhurst, IL
*Campaign Staff*, August 2020 – September 2020
- Progressed Get Out the Vote campaigns through activities such as canvassing and phone banking
- Brainstormed and implemented new tactics to ensure effective platform communication
- Developed sophistication and experience with data-entry and analysis related to Get Out the Vote efforts

F

November 15, 2023

Cliff Stein, General Counsel
Chicago Bears Football Club, Inc.
1920 Football Drive
Lake Forest, IL 60045

Dear Mr. Stein, or whomever else it may concern,

I am writing to express my enthusiasm for the Legal Diversity Fellow role currently being offered by your organization. Firstly, my sincerest thanks for the opportunity to apply to an organization as prestigious as the Chicago Bears. I believe that my professional background places me in a uniquely qualified position to demonstrate competency and provide integral insight as a Legal Diversity Fellow. In my role as a litigation paralegal, I have developed a comprehensive understanding of Title VII Discrimination Actions, gaining valuable insights into the complexities of employment law. This experience has equipped me with the skills necessary to navigate the legal challenges faced by a professional sports organization like the Chicago Bears. I have honed my ability to conduct legal research, draft documents, and assist in case preparation under the guidance of seasoned attorneys and have had the pleasure of working alongside sophisticated counsel on both sides of the bench. Further, I have had the opportunity to work with a diverse set of clients, from police officers and federal agents to engineers and medical professionals, with a vast array of needs as a client-facing member of the team which has provided me with exceptional skills in communication and conflict resolution.

I have recently begun my law studies at DePaul University College of Law in the evening program, which supports my maintenance of full-time employment during my time in school. I am particularly drawn to the intersection of law and diversity initiatives, and I am eager to

leverage my academic studies to support the Chicago Bears' commitment to fostering an inclusive and equitable workplace.

What particularly excites me about the Legal Diversity Fellowship is the opportunity to combine my legal acumen with my passion for promoting diversity and inclusion. I am deeply committed to advancing diversity initiatives within the legal profession and believe that my unique perspective, coupled with my legal background, aligns seamlessly with the Chicago Bears' commitment to fostering an inclusive workplace.

I am impressed by the Chicago Bears' dedication to diversity, and I am confident that my skills and experiences make me a strong candidate for the Legal Diversity Fellow position. I am eager to bring my passion for the law and commitment to diversity to the Chicago Bears' legal team and contribute to the organization's continued success.

Thank you for considering my application. I look forward to the opportunity to discuss how my background and skills align with the goals of the Chicago Bears' legal department.

Very truly yours,

Jonathan Bresser Jr.

Jonathan Bresser Jr.

 Gmail

Jonathan Bresser



## Chicago Bears Application Submission Confirmation

1 message

**ChicagoBears.hr@adp.com** <ChicagoBears.hr@adp.com>
Reply-To: jobopportunities@bears.pfl.net
To

Wed, Nov 15, 2023 at 12:40 AM

Disclaimer: This email has been sent by the HR team at Chicago Bears using ADP services.

Good news! The Chicago Bears have received your application submission. Our team will be reviewing applicants and we will follow up with you via email in the next 30 days.

Thank you and Go Bears!

Note: You must use the same email you used to log in to the career center when applying for jobs.









## Jonathan Bresser · 1st

JD Candidate at DePaul University College of Law

Batavia, Illinois, United States · **Contact info**

**86 connections**

 Trent Law Firm, P.C.

DePaul University College of Law

 Gmail

Jonathan Bresser 

## Thank you for your interest in the Chicago Bears Legal Diversity Fellow

1 message

**ChicagoBears.hr@adp.com** <ChicagoBears.hr@adp.com>
Reply-To: jobopportunities@bears.nfl.net
To:

Fri, Jan 5, 2024 at 9:46 AM

Disclaimer: This email has been sent by the HR team at Chicago Bears using ADP services.

Hello,

You recently submitted a Legal Diversity Fellow application with the Chicago Bears. We were fortunate to receive a great deal of interest in this opening.

Your qualifications have been carefully reviewed. We regret to inform you that we have chosen to pursue other applicants whose experience and qualifications more closely match our needs.

We appreciate your interest in the Chicago Bears and wish you success in your job search.

Thank you and Go Bears!

Note: You must use the same email you used to log in to the career center when applying for jobs.

**Unofficial Transcript**

**Student Name:** Jonathan M. Bresser
**Student ID:**
**SSN:** XXX-XX-XXXX
**Birthdate:** -XXXX



**DePaul University**
**East Jackson Boulevard**
**Chicago, IL 60604**
**United States**

**OPE-ID Code:**
**MAP Code:**

**Page 1 of 1**
**Print Date: 03/04/2024**

- - - - - Beginning of Professional Record - - - - -

### 2023-2024 Autumn

| Course | | Description | Attempted | Earned | Grade | Points |
|--------|----|-------------|-----------|--------|-------|--------|
| LAW | 101 | APPLIED LEGAL SKILLS | 1.000 | 1.000 | B+ | 3.300 |
| | | *Course Attributes:* *Required Legal Writing Courses-LARC I, II and III* | | | | |
| | | *Instructor:* | | | | |
| LAW | 105 | CONTRACTS | 4.000 | 4.000 | A- | 14.800 |
| | | *Course Attributes:* *Cohort Section* | | | | |
| | | *Instructor:* | | | | |
| LAW | 112 | LARC 1 | 2.000 | 2.000 | B- | 5.400 |
| | | *Course Topic:* *EVENING* | | | | |
| | | *Course Attributes:* *Seminar* | | | | |
| | | *Instructor:* | | | | |
| LAW | 130 | PREPARING TO PRACTICE I | 0.000 | 0.000 | PA | 0.000 |
| | | *Course Attributes:* *Cohort Section* | | | | |
| | | *Instructor:* | | | | |
| LAW | 506 | CRIMINAL LAW | 3.000 | 3.000 | B | 9.000 |
| | | *Course Attributes:* *Cohort Section* | | | | |
| | | *Instructor:* | | | | |

| | Attempted | Earned | GPA | Points |
|--|-----------|--------|-----|--------|
| **Term Totals:** | 10.000 | 10.000 | 3.250 | 32.500 |
| **Cumulative Totals:** | 10.000 | 10.000 | 3.250 | 32.500 |

### 2023-2024 Spring

| Course | | Description | Attempted | Earned | Grade | Points |
|--------|----|-------------|-----------|--------|-------|--------|
| LAW | 119 | LARC II | 3.000 | 0.000 | | 0.000 |
| | | *Course Attributes:* *Seminar* | | | | |
| | | *Instructor:* | | | | |
| LAW | 120 | CIVIL PROCEDURE | 4.000 | 0.000 | | 0.000 |
| | | *Course Attributes:* *Required First Year Lecture Courses* | | | | |
| | | *Instructor:* | | | | |
| LAW | 131 | PREPARING TO PRACTICE II | 0.000 | 0.000 | | 0.000 |
| | | *Course Attributes:* *Required First Year Lecture Courses* | | | | |
| | | *Instructor:* | | | | |
| LAW | 140 | CONSTITUTIONALLAW | 4.000 | 0.000 | | 0.000 |
| | | *Course Attributes:* *Required First Year Lecture Courses* | | | | |
| | | *Instructor:* | | | | |

| | Attempted | Earned | GPA | Points |
|--|-----------|--------|-----|--------|
| **Term Totals:** | 11.000 | 0.000 | 0.000 | 0.000 |
| **Cumulative Totals:** | 21.000 | 10.000 | 3.250 | 32.500 |

- - - - - End of Professional Record - - - - -

- - - - - End of Unofficial Transcript - - - - -

 Gmail

Jonathan Bresser 

## Chicago Bears Legal Diversity Fellowship Application

1 message

**ChicagoBears.hr@adp.com** <ChicagoBears.hr@adp.com>
Reply-To: jobopportunities@bears.nfl.net
To:

Fri, Mar 1, 2024 at 4:42 PM

Disclaimer: This email has been sent by the HR team at Chicago Bears using ADP services.

Hello, Fellowship Applicant:

You previously applied for the Legal Diversity Fellowship position at the Chicago Bears. If you haven't already submitted your transcript or if the transcript you submitted was not up to date to include your fall semester grades, we invite you to **supplement your application by Friday, March 15, 2024** to continue to be considered for the Legal Diversity Fellowship position, even if you received notification regarding your qualifications for the position prior to submitting your transcript. If the transcript you previously submitted was up to date, we require no further action at this time.

Please feel free to reach out if you have any questions about your application.

Best regards,

The Chicago Bears Legal Team

Note: You must use the same email you used to log in to the career center when applying for jobs.