IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JONATHAN BRESSER, JR., | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 1:24-CV-02034 |
| | ) | |
| THE CHICAGO BEARS FOOTBALL CLUB, INC., et al. | ) | Honorable Joan H. Lefkow |
| Defendant | ) | |
| | ) | |
| | ) | |
| | ) | |

**MOTION TO INTERVENE UNDER FEDERAL RULE OF CIVIL PROCEDURE 24**

NOW COMES Trent Law Firm, P.C. ("Trent Law Firm"), by and through its attorney, Marc P. Trent, pursuant to Federal Rule of Civil Procedure 24, and respectfully moves this Honorable Court for leave to intervene in the above-captioned matter as of right or, in the alternative, permissively. As detailed below, Trent Law Firm has a direct, substantial, and legally protectable interest in the settlement proceeds at issue, which cannot be adequately safeguarded without intervention. In support of its Motion, Trent Law Firm states as follows:

**BACKGROUND**

1. Jonathan Bresser ("Plaintiff" or "Bresser") originally retained Trent Law Firm for legal representation in a matter against the Chicago Bears Football Club, Inc. ("Bears case"), which resulted in a settlement agreement.

2. Pursuant to a written retainer agreement with Bresser, Trent Law Firm provided legal services to Bresser throughout the pendency of the Bears case, entitling the firm to a percentage of the settlement proceeds as attorney's fees.

3.      Despite the terms of the retainer agreement, Bresser failed to issue a lien letter as required under Illinois law to secure Trent Law Firm's interest in the settlement proceeds. Bresser misrepresented to the firm that the Attorney's Lien ("Lien") had been properly noticed and subsequently stole, destroyed, and/or deleted the retainer agreement.

4.      After Bresser's abrupt resignation from Trent Law Firm on September 27, 2024, he unilaterally terminated the firm's representation on October 19, 2024, further obstructing the firm's ability to enforce its Lien on the settlement proceeds.

5.      Trent Law Firm has an imminent, related action to be initiated in the Circuit Court of Cook County, Illinois, against Bresser, his wife, and other related parties, alleging breach of fiduciary duty, fraudulent misrepresentation, conversion, and recovery of the unpaid attorney's fees.

6.      The resolution of this federal case, particularly the disbursement of settlement proceeds, will directly impact Trent Law Firm's ability to recover its fees. Should the settlement funds be distributed without recognizing the firm's interests, Trent Law Firm could be left without a practical means of recovery, rendering any judgment obtained in the state court ineffectual.

## **LEGAL STANDARD**

7.      Federal Rule of Civil Procedure 24(a) allows for intervention as of right when the movant claims an interest relating to the property or transaction that is the subject of the action, and disposition of the action may impair the movant's ability to protect its interest unless adequately represented by existing parties.

8. Federal Rule of Civil Procedure 24(b) provides for permissive intervention when a movant's claim or defense shares common questions of law or fact with the main action.

## ARGUMENT

### I. Intervention as of Right Under Federal Rule of Civil Procedure 24(a)(2)

9. Trent Law Firm's motion is timely, as the settlement in the underlying matter has been reached, but the proceeds have not yet been distributed. No party will suffer prejudice from intervention, as it will only ensure that Trent Law Firm's entitlement to attorney's fees is properly considered before any disbursement.

10. Courts in the Seventh Circuit emphasize that timeliness is assessed based on whether existing parties will be prejudiced by delay (*Heartwood, Inc. v. U.S. Forest Service*, 316 F.3d 694, 701 (7th Cir. 2003)). Here, neither Bresser nor the Chicago Bears Football Club will suffer prejudice; Trent Law Firm merely seeks to protect its financial interest in the settlement proceeds without altering the terms of the settlement.

11. Trent Law Firm's interest in the settlement proceeds is both direct and legally protectable. The firm is entitled to forty percent (40%) of the settlement proceeds pursuant to its retainer agreement with Bresser. Trent Law Firm's is entitled to their contractual right to compensation for services that directly facilitated the settlement. The agreement with Bresser along with Trent Law Firm's performance on the case, which is the foundation of Trent Law Firm's claim, remains enforceable as a matter of contract law.

12. Moreover, allowing Bresser to receive the full settlement without honoring his contractual obligation to pay Trent Law Firm would result in unjust enrichment. Trent Law Firm's

work was essential in securing the settlement, and the firm has a right to a portion of those proceeds as compensation for its efforts. As such, Trent Law Firm's claim to the fees is not speculative or hypothetical; it is grounded in contractual rights, justifying its intervention in this matter.

13. The Seventh Circuit has recognized that an interest is sufficient for intervention if it is "direct, significant, and legally protectable" (*Wisconsin Educ. Ass'n Council v. Walker*, 705 F.3d 640, 658 (7th Cir. 2013)). Trent Law Firm's claim to the fees is not speculative; it is based on contractual rights and state statutory protections.

13. Allowing the federal action to proceed without intervention would severely impair Trent Law Firm's ability to recover its attorney's fees. Trent Law Firm retains a substantial interest in the settlement proceeds. The firm provided legal services that directly contributed to achieving the settlement, and its entitlement to a portion of those proceeds is rooted in its retainer agreement with Bresser. If the settlement funds are disbursed without recognizing this interest, Trent Law Firm risks being left without a practical means to recover its rightful compensation, as any subsequent state court judgment would be effectively unenforceable against already distributed proceeds. Intervention is thus necessary to prevent unjust enrichment and ensure that all claims related to the settlement proceedings, including Trent Law Firm's equitable claim for fees, are considered before the distribution of funds.

14. The Seventh Circuit has held that impairment exists where "a decision in a lawsuit would, as a practical matter, impair or impede the applicant's ability to protect its interest" (*Ligas ex rel. Foster v. Maram*, 478 F.3d 771, 774 (7th Cir. 2007)). Trent Law Firm faces this precise risk, necessitating intervention to prevent irreparable harm.

15. Bresser's adverse actions, including his misrepresentations regarding the Lien and his concealment of the settlement agreement, create a clear conflict of interest with Trent Law Firm. Further, the Chicago Bears Football Club and other defendants have no interest in the firm's recovery of its fees; their concern lies solely in resolving the settlement dispute with Bresser.

16. The Supreme Court has clarified that the burden to show inadequate representation is "minimal" (*Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972)). Here, the firm's interests are clearly unaligned with those of the existing parties, making intervention necessary.

17. Alternatively, Trent Law Firm's claim for attorney's fees shares common questions of law and fact with the federal action, particularly regarding the allocation of settlement proceeds and Bresser's conduct.

18. The Seventh Circuit has held that permissive intervention is appropriate when common factual and legal issues exist (*Sec. Ins. Co. of Hartford v. Schipporeit, Inc.*, 69 F.3d 1377, 1381 (7th Cir. 1995)). Consolidating these related issues in this Court would serve judicial efficiency and ensure consistency in the resolution of overlapping claims.

19. As the federal litigation is in its early stages, allowing intervention will not cause undue delay or prejudice. Rather, it will ensure that the resolution of the settlement proceeds addresses all related interests, preventing piecemeal litigation.

## PRAYER FOR RELIEF

WHEREFORE, Trent Law Firm, P.C., respectfully requests that this Honorable Court:

      a.      Grant its Motion to Intervene as of right under Federal Rule of Civil Procedure 24(a); or

      b.      In the alternative, grant its request for permissive intervention under Federal Rule of Civil Procedure 24(b);

      c.      Stay the disbursement of settlement proceeds pending resolution of Trent Law Firm's claim to attorney's fees in this Court and the state court action;

      d.      Consider this motion on an expedited basis to prevent potential irreparable harm due to the imminent distribution of settlement proceeds; and

      e.      Grant such other relief as this Court deems just and equitable.

Respectfully submitted,

*Marc P. Trent*
_____
Marc P. Trent (ARDC # 6324928)
Attorney for Trent Law Firm, P.C.

Marc P. Trent (ARDC # 6324928)
Attorney for Trent Law Firm, P.C.
Trent Law Firm, P.C.
2 TransAm Plaza Drive, Suite 300
Oakbrook Terrace, IL 60181
(630) 682-3100
service@trentlawfirm.com

## Certificate of Service

I, Marc Trent, an attorney, hereby certify that on 10/25/2024, I caused the foregoing MOTION TO INTERVENE UNDER FEDERAL RULE OF CIVIL PROCEDURE 24 to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Respectfully submitted,

*Marc P. Trent*

_____
Marc P. Trent (ARDC # 6324928)
Attorney for Trent Law Firm, P.C.

**TRENT LAW FIRM, P.C.**
2 TransAm Plaza Drive, Suite 300
Oakbrook Terrace, IL 60181
(630) 682-3100
*service@trentlawfirm.com*